#### FOR THE

## COUNTIES OF BARNSTABLE, BRISTOL, DUKES COUNTY ESSEX, MIDDLESEX, NANTUCKET, NORFOLK, PLYMOUTH, AND SUFFOLK, JANUARY TERM 1861, AT BOSTON.

━━━━

#### PRESENT:

Hon. GEORGE T. BIGELOW, CHIEF JUSTICE.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. PLINY MERRICK, ⎫ JUSTICES.
Hon. EBENEZER R. HOAR,
Hon. REUBEN A. CHAPMAN,

---

## CRIMINAL CASES.

### COMMONWEALTH vs. PATRICK WELSH.

An indictment for keeping a tenement used by the defendant for the illegal sale and illegal keeping for sale of intoxicating liquors is supported by proof of either act; but proof of keeping the place for the mere purpose of making illegal sales, without proof of an actual illegal keeping for sale of intoxicating liquors, is not sufficient.

An indictment charging the defendant with keeping and maintaining a nuisance, to wit, a tenement in the city of Boston, by him used, &c., contains a sufficient description as to place.

The offence of keeping and maintaining a nuisance under *St.* 1855, *c.* 405, and Gen. Sts. *c.* 87, § 6, may be charged and proved as covering a period of time before and after the enactment of the Gen. Sts.

INDICTMENT found at October term of the superior court for Suffolk county 1860. The material averments were that the

defendant, " on the first day of April in the year of our Lord one thousand eight hundred and sixty, and on divers other days and times between that day and the first day of October in the year of our Lord one thousand eight hundred and sixty, at said Boston, knowingly, wilfully, and without having any legal appointment or authority therefor, did keep and maintain a certain common nuisance, to wit, a tenement in said city of Boston, then and on said other days and times there by him used for the illegal sale and illegal keeping for sale of intoxicating liquors," &c. At the trial in the superior court, the defendant contended that proof was necessary both of an illegal keeping and of illegal sales ; but the court ruled otherwise. The court also ruled that in order to convict on such an indictment the government need not prove one actual sale ; but that a conviction would be warranted by proof that the defendant kept the place for the purpose of making illegal sales of intoxicating liquors.

The defendant, having been found guilty, moved in arrest of judgment, on the ground that the indictment contained no sufficient designation of the place of the alleged nuisance, or of the times of the offence charged ; and also because on the first Monday of October there was in existence no statute making the offence described criminal on the first day of April, or at any period between that time and the first day of June 1860 : but the court overruled the motion. The defendant alleged exceptions.

*G. W. Searle,* for the defendant.

*Phillips,* A. G., for the Commonwealth.

Dewey, J. The court properly refused to adopt the instruction asked by the defendant, that it was necessary for the government to satisfy the jury both of an illegal keeping of intoxicating liquors and of illegal sales. If the tenement was kept and used for either purpose, it was sufficient. The *St.* 1855, *c.* 405, and Gen. Sts. *c.* 87, § 6, both make either act punishable It is true that the indictment charges both the acts, as it necessarily must if it would rely upon them as substantive charges. But proof of the commission of either act is sufficient to maintain the indictment. *Commonwealth* v. *Kimball,* 7 Gray, 328, is directly to this point.

The only ground for any exception to the ruling of the court is the ruling " that a conviction would be warranted by proof that the defendant kept the place for the purpose of making illegal sales of intoxicating liquors." The statement of the case is very meagre, but dealing with the instruction as an abstract proposition, it is not correct. The indictment charged the defendant with keeping and maintaining a certain tenement, by him used " for the illegal sale and illegal keeping for sale of intoxicating liquors." But " the keeping the place for the purpose of making illegal sales of intoxicating liquors " does not sustain the charge of keeping a tenement used by him for " the illegal keeping for sale of intoxicating liquors." Under this indictment, the evidence must be sufficient to establish the illegal keeping for sale of such liquors, and not a mere place for the purpose of making sales.

Had the case been put to the jury upon the first instructions stated in the bill of exceptions, without the succeeding portions of the same, it would seem to have been properly before the jury; but as the instruction which is the subject of these exceptions was the last given to the jury, and was stated as authorizing a conviction, we must consider it as material, and for this cause the verdict must be set aside.

The motion in arrest of judgment, upon the ground that the indictment contains no sufficient description of the place in which the tenement was situated, cannot prevail. The present form of description has been repeatedly held good.

Nor is there any objection to the manner of alleging the time of the commission of the offence.

Nor that the offence is charged in the indictment as committed within a period of time, a part of which extends to the first day of April last, which was prior to the enactment of the Gen. Sts. *c.* 87, under which this offence is now punishable, the *St.* 1855, *c.* 405, having been repealed. All objections that would ordinarily arise from a repeal of the act under which the offence occurred are entirely obviated, in the present case, by the carefully guarded enactments of the Gen. Sts. as to the repeal of former statutes. Both the *St.* 1855, *c.* 405, and the Gen. Sts.

are alike in prohibition, and generally, as to the offence; and Gen. Sts. *c.* 181, §§ 6–9, save the objection of the repeal of *St.* 1855, *c.* 405.*                          *Exceptions sustained.*

———

* At the same term, in COMMONWEALTH *vs.* KELLEY, under a similar indictment for the same offence, a like decision was made, upon a motion in arrest of judgment, for the same reasons.